### SANCHEZ v. STEELE.

### No. 8527.

United States District Court
W. D. Missouri.

July 21, 1953.

Frank Sanchez, pro se.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., for U. S.

REEVES, Chief Judge.

The petitioner seeks to proceed in forma pauperis. His affidavit is insufficient for that purpose; however consideration will be given to his complaint precisely as if he were entitled so to proceed.

The petitioner does not complain against the propriety of the sentence although he says he has filed numerous motions under pertinent statutes for a modification of his sentence.

On February 28, 1947, he was sentenced by the District Court for the District of New Mexico for a period of ten years in prison. He was committed to the reformatory at El Reno, Oklahoma, and was assigned to the broom factory, where he says he complained that his eyes became affected by the work, but, obtaining no relief, he then feigned insanity, and he says that thereupon he was transferred to the United States Medical Center at Springfield, Missouri. Asserting that he is not insane, he claims the benefit of the good time allowances provided by Section 4161 Title 18 U.S.C.A. and Section 4165 Title 18 U.S.C.A., the latter section referring to industrial good time. It is provided, however, by the good time allowances statutes, and particularly by Section 4165 of said Title 18 U.S.C.A. that:

"If during the term of imprisonment a prisoner commits any offense *or violates the rules of the institution*, all or any part of his earned good time may be forfeited." (Emphasis mine.)

The petitioner relies also on Section 4241 Title 18 U.S.C.A. relating to the general subject of the right of the authorities to transfer a prisoner to a hospital. The second paragraph of said section specifically provides that:

"Such board shall examine any inmate of the institution alleged to be insane *or of unsound mind or otherwise defective* [emphasis mine] and report their findings and the facts on which they are based to the Attorney General."

Upon such report the Attorney General may direct the transfer to a hospital and, in such event, it is provided that the prisoner shall be kept there "until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health *or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served."* (Emphasis mine.)

Since the petitioner was sentenced for a period of ten years on February 28, 1947, in the absence of good time deductions his confinement would continue until February 27, 1957. He was transferred because of his health, whether mental or physical, and until the restoration of his mental or physical health it becomes the duty of the superintendent of the hospital to hold him in custody until the maximum of his sentence has been served. On the other hand, according to the averments of the complaint, he violated the rules of the El Reno Reformatory by feigning insanity, and by such act he would forfeit all his good time allowances. It would follow that, by either horn of the dilemma, the petitioner is not entitled to his release, and according to the averments of his complaint his application for a writ of habeas corpus should be denied and his petition dismissed.